IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AARON HUANG, CHAO WEN WU, and
JEFFREY KAM HUNG CHU,

    Defendants.

No. CR 14-0539 WHA

**ORDER RE INQUIRIES ABOUT SENTENCING REDUCTIONS PURSUANT TO AMENDMENT 794**

In September 2015, the undersigned judge sentenced defendants Aaron Huang, Chao Wen Wu, and Jeffrey Kam Hung Chu. On November 1, 2015, the United States Sentencing Commission passed Amendment 794 to the sentencing guidelines, which identified several factors to be considered in applying a "minor role" adjustment to defendants' offense level in drug cases, which had been applied inconsistently before the amendment.

Defendants filed pro se letters inquiring whether they would be entitled to sentencing reductions pursuant to Amendment 794. The United States and the Probation Office have both advised that our defendants' offenses do not merit minor-role adjustments, however, this order denies defendants' requests for a different reason.

Amendment 794 "resolved a circuit split, and was intended as a clarifying amendment." *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). *Quintero-Leyva* held that Amendment 794 applied retroactively in direct appeals, but it did not address whether it could apply to motions to reduce sentences. The only appropriate motion for a sentencing reduction

in this context would be under Section 3582. *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995). A clarifying amendment is not retroactive for a motion under Section 3582. *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008); *see also United States. v. Nunez*, No. 13-cr-00383, 2017 WL 119169, at *6 (N.D. Cal. Jan. 12, 2017) (Chief Judge Phyllis Hamilton) (addressing the same issue regarding Amendment 794). Notably, Amendment 794 has not been given retroactive effect for the purposes of a motion for a sentence reduction under Section 3582 inasmuch as it is not listed among the covered amendments in U.S.S.G. 1B1.10(d) that warrant a reduction pursuant to that section.

Accordingly, to the extent defendants' motions can be characterized as motions for sentencing reductions, such motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE